**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4860**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

SAMUEL LEWIS FENNELL, a/k/a Supreme,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Chief District Judge. (7:13-cr-00059-GEC-1)

_____

Submitted: June 30, 2015          Decided: July 23, 2015

_____

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John S. Davis, Daniel P. Watkins, WILLIAMS MULLEN, Richmond, Virginia, for Appellant. Anthony P. Giorno, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Franklin Sacha, Appellate Intern, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Lewis Fennell appeals his conviction for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Fennell argues that the district court erred by denying his motion to suppress the fruits of a search warrant obtained in state court that he claimed was unsupported by probable cause. We affirm.

The district court found that the warrant affidavit was sufficient to establish probable cause only when considered in connection with the unrecorded testimony of the applying officer and that, even if the warrant had been invalid, the good faith exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897 (1984), applied. Fennell argues that Fed. R. Crim. P. 41(b) prohibited the district court from considering the officer's unrecorded testimony. Because Fennell did not assert this argument in his pretrial motion to suppress, it could be deemed waived under Fed. R. Crim. P. 12(b)(3). See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997) (holding that defendant's pretrial challenge to validity of search warrant did not preserve on appeal challenge to execution of that warrant); see also, e.g., United States v. Burnett, 773 F.3d 122, 130-31 (3d Cir. 2014) (holding that new legal theory raised for first time on appeal was waived), cert. denied, 135 S. Ct. 1722 (2015). To the

2

extent it may be considered at all, we review this argument for plain error. See United States v. Guzman, 739 F.3d 241, 246 n.8 (5th Cir. 2014) (recognizing that theory raised for first time on appeal was waived but proceeding to conduct plain-error analysis). To establish plain error, Fennell "must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Heyer, 740 F.3d 284, 290 (4th Cir. 2014); see Henderson v. United States, 133 S. Ct. 1121, 1126-17 (2013) (discussing standard).

"[T]he triggering condition for application of Rule 41 is not a finding that the investigation was federal in nature but a determination that the proceeding was a federal proceeding." United States v. Claridy, 601 F.3d 276, 281 (4th Cir. 2010). In Claridy, we held that Rule 41 did not apply where a state officer who was federally deputized as part of a joint task force investigating violations of both state and federal law obtained a warrant from a state judge authorizing state officers to search for evidence of violations of state narcotics laws. Id. at 278, 283. We also noted that, "[e]ven if the warrant was directed more generally to any authorized officer, the fact that it commanded a search for evidence of a state-law violation would indicate that the warrant proceeding was a state proceeding, not one under Federal Rule 41(b)." Id. at 283.

Here, a state officer who was federally deputized as part of a joint task force investigating violations of both state and federal law obtained a warrant from a state judge that generally directed any authorized officer to search for evidence of a state-law violation. This case precisely matches the scenario that we said in Claridy "would indicate that the warrant proceeding was a state proceeding, not one under Federal Rule 41(b)." Id. Accordingly, we conclude that the district court did not err by declining to apply Rule 41.*

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* Fennell does not contest the district court's holding that, absent the application of Rule 41, the officer's testimony provided probable cause to support the warrant. Thus, we need not reach Fennell's challenge to the district court's alternate holding that, even if the warrant was invalid, the good faith exception to the exclusionary rule applied.

4